**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5370-16T1

JOHN KYLES,

    Appellant,

v.

NEW JERSEY STATE PAROLE
BOARD,

    Respondent.

_____

Submitted July 23, 2018 – Decided October 29, 2018

Before Judges Whipple and Suter.

On appeal from the New Jersey State Parole Board.

John Kyles, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

John Kyles (appellant) appeals the April 19, 2017 final agency decision of the New Jersey State Parole Board (Board) that denied his parole and set an eighty-four month future parole eligibility term (FET). We affirm.

We recount only such facts as are necessary for our decision. In May 1995, appellant stabbed his nephew in the head, was arrested and indicted. Appellant was convicted by a jury of third-degree aggravated assault with a deadly weapon, N.J.S.A. 2C:12-1(b)(2); second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); first-degree attempted murder, N.J.S.A. 2C:5-1, 2C:11-3; third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); and fourth-degree certain persons not to have weapons, N.J.S.A. 2C:39-7. He was sentenced to an extended term of fifty-years of imprisonment, subject to seventeen years of parole ineligibility. Appellant became eligible for parole for the third time in May 2016.

A two-member panel of the Board denied appellant's request for parole on April 8, 2016, finding "a substantial likelihood exists that [he] would commit a new crime if released on parole at this time." The panel considered the underlying offense (attempted murder) was serious, appellant had an extensive juvenile and criminal record consisting of thirty-one adult convictions, some of

which involved assault and theft, he had been paroled five times in the past and had committed two parole violations. Appellant incurred thirty-two infractions while incarcerated, with the most recent three occurring within the period under review. One of these was an "asterisk" or serious offense for fighting. He had fourteen other asterisk offenses in his record.

The two-member panel considered that appellant lacked insufficient problem resolution, lacked insight into his criminal behavior, minimized his conduct, and failed to sufficiently address his substance abuse problem. It also considered an objective risk assessment evaluation that indicated a high risk of recidivism, and that appellant's mental health issues "further complicate matters." Mitigating factors were considered including his participation in institutional programs. The two-member panel referred the case to a three-member panel for review and to establish an FET.

The three-member panel of the Board denied appellant's request for parole on July 6, 2016, also finding "a substantial likelihood exists that [appellant] would commit a new crime if released on parole at this time." In its seven-page written decision denying parole, the panel explained that appellant lacked insight into his criminal behavior. He continued to blame his victim who, he said, "came at [him] with an attitude." Appellant minimized the crime as "just

an altercation," explaining he stabbed the victim in the head because he was drinking. Appellant explained he had not remained infraction free while in prison because of the "wild environment in here . . . people come onto you aggressive and you gotta (sic) defend yourself." He told the three-member panel he had changed, but he explained his recent infraction for fighting by saying "'you gotta (sic) face the man every day' and 'there's a lot of gang activity here.'" The three-member panel found "the answers [appellant] provided to them, in addition to [his] institutional conduct since [his] last parole hearing were not representative of an individual who possesses insight into their criminality and anti-social thinking." The panel imposed a ninety-six month FET, but later modified it to eighty-four months, finding that appellant did not understand the root causes of his criminal actions, did not acknowledge the severity of his anti-social decision making and committed institutional infractions. Appellant appealed the denial and FET to the full Board.

The Board concurred with the two-and three-member panels. On April 19, 2017, it denied parole, finding "a preponderance of the evidence indicates that there is a substantial likelihood that [appellant] would commit a crime if released on parole at this time." The Board agreed an FET under N.J.A.C. 10A:71-3.21 (a), (b) and (c) was "clearly inappropriate due to [appellant's] lack

of satisfactory progress in reducing the likelihood of future criminal behavior" and affirmed the eighty-four month FET. See N.J.A.C. 10A:71-3.21(d). The Board found appellant's entire record had been reviewed comprehensively, including his "documented mental health issues, alcohol abuse history and circumstances of [his] institutional infractions." The Board considered his past opportunities for release. The Board agreed appellant lacked satisfactory progress in reducing his criminal behavior, he did not understand the reasons for his criminal action and the eighty-four month FET was appropriate.

Appellant appeals arguing:

> THE RECORD EVIDENCE IN THIS CASE, INCLUDING KYLE'S DOCUMENTED HISTORY OF MENTAL HEALTH ISSUES AND UTTER LACK OF A HOLISTIC REENTRY PLAN, REQUIRES THIS COURT FULL BOARD TO RESCIND THE [EIGHTY-FOUR] MONTH FET IN ITS ENTIRETY, OR ALTERNATIVELY, MODIFY THE FET TO A MORE REASONABLE TERM.

The scope of our review is very limited. In re Stallworth, 208 N.J. 182, 194 (2011) (citing Henry v. Rahway State Prison, 81 N.J. 571, 579 (1980)). "[T]he Parole Board is the 'agency charged with the responsibility of deciding whether an inmate satisfies the criteria for parole release under the Parole Act of 1979.'" Acoli v. N.J. State Parole Bd., 224 N.J. 213, 222 (2016) (citations omitted). A Board's decision involves "discretionary assessment[s] of a

multiplicity of imponderables . . . ." <u>Ibid.</u> (alteration in original) (citing <u>Greenholtz v. Inmates of Neb. Penal & Corr. Complex</u>, 142 U.S. 1, 10 (1979)). Unless the Board's decision is found to be "arbitrary, capricious, or unreasonable, or . . . not supported by substantial credible evidence in the record as a whole," it shall not be disturbed. <u>In re Stallworth</u>, 2018 N.J. at 194; <u>see</u> <u>Acoli</u>, 224 N.J. at 222-23. "The burden of showing that an [agency's] action was arbitrary, unreasonable or capricious rests upon the appellant." <u>McGowan v. N.J. State Parole Bd.</u>, 347 N.J. Super. 544, 563 (App. Div. 2002).

Here, the Board's final agency decision was not arbitrary, capricious or unreasonable. The Board comprehensively considered appellant's entire record, including the seriousness of his offenses, and his numerous prior convictions as an adult, which included assaultive behavior and theft-related crimes. The Board considered each of appellant's prior opportunities for parole or release, and noted "each opportunity [was] followed by additional alcohol use and additional criminal behavior." His thirty-two disciplinary infractions during his incarceration included asterisk or serious infractions, and three of them were committed after his last parole hearing. It also considered appellant's answers to questions posed to him by the panel at the hearing as well as mitigating

factors. We agree the Board's decision was substantially supported by this record and it considered all relevant factors.

We also agree the Board was not arbitrary, capricious or unreasonable in ordering an eighty-four month FET. The record showed ample support for the Board's conclusion that the standard FET was "clearly inappropriate due to [appellant's] lack of satisfactory progress in reducing the likelihood of future criminal behavior" and that a longer FET of eighty-four months was appropriate.

Appellant argues the Board placed significant weight on his three recent disciplinary infractions, but failed to consider the "compelling circumstances mitigat[ing] his conduct" for each of these infractions when it determined the FET. He contends the Board did not consider his mental health or alcohol abuse history. However, the record supports neither argument. "[B]oth [appellant] and the Board panel discussed in detail all the circumstances surrounding the 'fighting' infracting that [appellant] incurred approximately a year prior to the hearing," including appellant's arguments about mitigation. Our review of the record also shows the Board considered and addressed his mental health and alcohol abuse history.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5370-16T1